■ WESTSIDE TOWERS, INC., et al., Appellants, v. HEVRO REALTY CORP. et al., Respondents.— Order, Supreme Court, New York County, entered on March 20, 1972, denying plaintiffs' motion for a temporary injunction and other relief, unanimously modified, on the law and in the exercise of discretion, to the extent of granting the injunctive relief requested in the order to show cause herein restraining defendants from taking any action to cancel or terminate the lease herein and staying the running of the time limits in the notices of default until after the determination of this action, and otherwise affirmed. Appellants shall recover of respondents $60 costs and disbursements of this appeal. Plaintiff, in this action for a declaratory judgment and to restrain defendants from canceling or terminating their lease, " followed the procedure outlined in *First Nat. Stores* v. *Yellowstone Shopping Center* (21 N Y 2d 630) and *150 East 57th St. Assoc.* v. *Fletcher* (35 A D 2d 947) to test the legality and propriety of a landlord's notice of default under a lease, and of its intention to terminate" (*Wienerwald 8th St.* v. *Third Brevoort Corp.*, 38 A D 2d 525). Settle order on notice. Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.

■ JURLAN FINANCIAL CORP. et al., Appellants, v. MORRIS MENDELSON et al., Respondents, et al., Defendants.— Order, Supreme Court, New York County, entered on April 13, 1972, granting motion of defendants to dismiss the complaint on the ground of *res judicata*, unanimously reversed, on the law, and the motion denied, without prejudice to defendants pleading the said defense in their answer. Appellant shall recover of respondents $60 costs and disbursements of this appeal. Defendants claim that the issues in this action have been decided in a turnover proceeding in the Federal court and that all the relief against defendants has already been had. That proceeding resulted in a finding that respondents had appropriated funds of the bankrupt and directed the return of those funds. This action is for the tortious interference with plaintiffs' rights against the corporation. While the judgment, if paid, might reduce the amount of plaintiffs' damage, it does not appear, on the facts submitted, to abolish that claim. Accordingly, the complaint would be valid, though the defense could be established as a partial or total defense. Concur — Markewich, J. P., Nunez, Steuer, Tilzer and Capozzoli, JJ.